UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TONY HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-185 PS |
| | ) | |
| TERRY SHEWMAKER and | ) | |
| BRAD ROGERS, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Tony Horton, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what

>would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Horton is a prisoner being held in the Elkhart County Jail awaiting trial. He alleges that state trial judge Terry Shewmaker refused to allow him to attend his son's funeral. A state court judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 439, 359 (1978). Ordering the incarceration of pre-trial detainees is within a state court's jurisdiction. Therefore, the judge is immune and must be dismissed.

Additionally, Mr. Horton alleges that Captain Brad Rogers, an officer at the Elkhart County Jail, also refused to allow Mr. Horton to attend his son's funeral. It is unclear whether Captain Rogers was acting pursuant to a specific court order denying Mr. Horton permission to attend the funeral or whether Rogers made this decision independently. Either way it was not a violation of Mr. Horton's civil rights.

>The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration. And, as our cases have established, freedom of association is among the rights least compatible with incarceration. Some curtailment of that freedom must be expected in the prison context.

*Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (citations omitted).

>Detainees -- by definition persons unable to meet bail -- often are awaiting trial for serious, violent offenses, and many have prior criminal convictions. Exposure of this type person to others, whether family, friends, or jail administrators, necessarily carries with it risks that the safety of innocent individuals will be

>jeopardized in various ways.  They may, for example, be taken as hostages or become innocent pawns in escape attempts.  It is no answer, of course, that we deal here with restrictions on pretrial detainees rather than convicted criminals.  For, as we observed in *Wolfish*, in this context, there is no basis for concluding that pretrial detainees pose any lesser security risk than convicted inmates.  Indeed, we said, it may be that in certain circumstances detainees present a greater risk to jail security and order.

*Block v. Rutherford*, 468 U.S. 576, 586-587 (1984) (quotation marks, citation, and brackets omitted).  Pre-trial detainees have no constitutional right to attend funerals, even those of close family members.

For the foregoing reasons, the court **DISMISSES** this case pursuant to 28 U.S.C. 1915A.

**SO ORDERED.**

ENTERED: May 23, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

3